Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

JAMES K. TAM                    1485
SHELLIE K. PARK-HOAPILI   7885
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-Mail:    jktam@ahfi.com
           sph@ahfi.com

Attorneys for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS (Reggie Castanares, Val Ceria, Robert M. Fernandez, Sam Fujikawa, Kent A. Matsuzaki, Gregg Serikaku and Mark K. Suzuki), by and through their Administrator, FRANCIS CHUN,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BLAZEMASTERS FIRE PROTECTION, LLC,<br><br>          Defendant. | CIVIL NO. CV10-00422 DAE BMK<br><br>**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BLAZEMASTERS FIRE PROTECTION, LLC, FILED OCTOBER 4, 2010**<br><br>Hearing<br>Date:   November 9, 2010<br>Time:   2:00 p.m.<br>Judge:  Hon. Barry M. Kurren |

756967 / 6251-34

**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BLAZEMASTERS FIRE PROTECTION, LLC, FILED OCTOBER 4, 2010**

Plaintiffs Trustees of the PAMCAH-UA Local 675 Trust Funds ("Plaintiffs" or "Trust Funds"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby submit the following proposed findings and recommendation on *Plaintiffs' Motion for Default Judgment Against Defendant Blazemasters Fire Protection, LLC*, filed October 4, 2010 ("the Motion"). The Motion was heard on November 9, 2010, at 2:00 p.m., by the Honorable Barry M. Kurren. Shellie K. Park-Hoapili appeared on behalf of Plaintiffs. No other party appeared or was otherwise represented by counsel.

Having reviewed the Motion and considering the documents and evidence submitted in support thereof, the representations of counsel, and the files and records herein, and good cause appearing therefor, the Court finds and concludes as follows:

      1.    This Court has jurisdiction over this action based on 29 U.S.C. § 185(a) of the Labor-Management Relations Act of 1947, as amended, and 29 U.S.C. §§ 1132 and 1145 of the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

      2.    The Trust Funds are express trusts created by a written trust agreement subject and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 1002 and 1003), are multiple employee benefit plans organized and existing under the laws of the United States, and have their principal place of business in the City and County of Honolulu, State of Hawai`i.  The Trust Funds provide fringe benefits (which include the Pension, Health and Welfare, Vacation and Holiday, Training, Annuity and Cooperation Trust Funds) to Defendant Blazemasters Fire Protection, LLC's employees.

      3.    Defendant Blazemasters Fire Protection, LLC ("Blazemasters") is a domestic limited liability company with its principal place of business in the State of Hawai`i.

      4.    The Trust Funds receive, manage and administer employee benefits for Blazemasters' plumber and mechanical employees.  These benefits are funded from monthly money contributions paid by Blazemasters in consideration of and for labor, materials and other services furnished by those plumbers

and mechanical employees under certain collective bargaining agreements and trust agreements appurtenant thereto ("Agreements") between Blazemasters and Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada ("Union").

   5. Blazemasters entered into the Agreements with the Union covering all plumbers, mechanical contractors, and other workers described in the Agreements (collectively, "plumber and mechanical contractor" or "plumbers and mechanical contractors") employed by Blazemasters in the State of Hawai`i, and agreed to be subject to and bound by all terms and conditions of the various trust agreements.

   6. Under the Agreements, Blazemasters promised to contribute and pay to the Trust Funds certain amounts for employee benefits for work performed by Blazemasters' covered employees. The amounts would be paid to the Trust Funds on or before the due dates specified in the Agreements.

   7. Under the Agreements, Blazemasters also promised to submit timely reports to the Trust Funds regarding hours worked by Blazemasters' covered employees, which reports would be

submitted to the Trust Funds on or before the due dates specified in the Agreements, to permit audits of its payroll records to allow the Trust Funds to ascertain whether all contributions due and owing have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions, if required by the Trust Funds.

      8.    Under the Agreements, Blazemasters must report to the Trust Funds on the 25th day of each month the hours worked by each plumber and mechanical contractor employee during the previous month.

      9.    Under the Agreements, Blazemasters must also contribute to the Trust Funds on the 25th day of each month sums of money to be held in trust by Plaintiffs as employee benefits for Blazemasters' plumber and mechanical contractor employee(s). These contributions are calculated by multiplying the hours worked the previous month by Blazemasters' plumber and mechanical contractor employee(s) by the applicable contribution rates specified in the Agreements.

      10.    Under the Agreements, Blazemasters promised that if any monthly contributions were past due, Blazemasters would pay to each respective trust fund liquidated damages calculated at

ten percent (10%) of the contribution due to each respective fund for the period beginning on the first date of the delinquency and ending on the 25th day of the month following the date the contributions become delinquent, and thereafter calculated at ten percent (10%) of the delinquent amount or $20.00, whichever is greater, for each month that the contributions are delinquent.

      11.    Pursuant to 29 U.S.C. § 1132(g), the Trust Funds are entitled to interest at the rate prescribed under said Agreement(s) of ten percent (10%) per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

      12.    Under the Agreements, Blazemasters moreover promised to provide the Trust Funds with any documentation and information required by the Trust Funds to verify whether or not Blazemasters was reporting the correct hours worked each month and whether or not Blazemasters was paying the correct contribution sums to the Trust Funds.

      13.    Under the Agreements and 29 U.S.C. § 1132(g)(2)(D), Blazemasters further promised that if the Trust Funds brought legal action to enforce the Agreements against it, Blazemasters would pay

all of the Trust Funds' court and audit costs, audit fees, and reasonable attorneys' fees.

14. Under the Agreements, Plaintiffs are authorized and empowered to have authorized representatives of the Trust Funds' Administrative Office examine and audit Blazemasters' payroll books and records to permit the Trust Funds to determine whether Blazemasters is making full payment as required under the Agreements.

15. On February 18, 2010, Blazemasters executed a Promissory Note in favor of the Trust Funds in the principal amount of $118,641.40, which amount covered the period of delinquency to the Trust Funds for the months of October through December 2009 (the "Promissory Note").

16. Under the terms of the Promissory Note, Defendant promised to pay Plaintiffs monthly payments in the amount of $10,320.43 for a period of twelve months, commencing on March 31, 2010.  Defendant made only two payments in the amount of $10,320.43 per payment, for a total of $20,640.86, and is in default under the Promissory Note.

17. In addition, Blazemasters breached the Agreements and is liable to the Trust Funds for its continuous failure to perform under the terms of the Agreements including, failing to timely pay the Trust Funds the employee benefit trust fund contributions owed by Blazemasters for work performed by its plumber and mechanical contractor employees from January through July 2010, and continuing to fail to pay its contributions to the Trust Funds, and failing to timely pay the Trust Funds liquidated damages owed for the unpaid contributions. Despite proper demand, Blazemasters continues to fail, neglect and refuse to comply with its obligations under the Agreements and the Promissory Note.

18. On July 23, 2010, Plaintiffs filed a *Complaint for Specific Performance, Assumpsit and Damages* ("Complaint") against Blazemasters to enforce the terms of the Agreements and the Promissory Note, alleging that Blazemasters materially breached the terms of and its obligations under the Agreements and the Promissory Note by, among other things, failing to timely submit contributions due on the monthly employee benefit contribution reports and payments due under the Promissory Note and failing to pay any and all liquidated damages incurred upon Blazemasters'

untimely submission of contribution payments, despite numerous demands by Plaintiffs.  On July 28, 2010, Blazemasters was served with the Complaint through John H. Graham, its Business Administrator.  Blazemasters never answered the Complaint and the Clerk of this Court entered its default on August 31, 2010.

19.   Blazemasters is not an infant or an incapacitated person and its default has not been set aside.

20.   Blazemasters has failed to pay the Trust Funds contributions in the amount of $126,158.34, plus liquidated damages in the amount of $13,952.35, for a total of $140,110.69, for the period of January through July 2010 and continues to fail to make payment.

21.   Blazemasters has also failed to pay the Trust Funds the principal amount of $118,641.40, as offset by two payments of principal and interest in the total amount of $20,640.86, pursuant to the terms of the Promissory Note, for delinquent contributions for the months of October through December 2009.

22.   The Trust Funds have further incurred attorneys' fees in the amount of $7,486.89, and costs in the amount of $429.28, for a total of $7,916.17, from January 4, 2010 up to and

including August 31, 2010.  In addition, Plaintiffs expect to incur additional legal fees and costs in the amount of $1,095.44 through entry of default judgment, for a total of $9,011.61.

23. The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the Motion is granted.  A Default Judgment shall be entered in favor of Plaintiffs and against Blazemasters as follows:

A. Plaintiffs are awarded delinquent contributions in the amount of $126,158.34, and liquidated damages in the amount of $13,952.35, for a total of **$140,110.69** for the months of January through July 2010, as well as all amounts that continue to accrue until entry of judgment;

B. Plaintiffs are awarded the principal amount of $118,641.40, as offset by two payments of principal and interest in the total amount of $20,640.86, for a total amount of **$98,000.54**,

pursuant to the terms of the Promissory Note, for delinquent contributions for the months of October through December 2009;

  C. Plaintiffs are permitted to audit Blazemasters' payroll books and records pursuant to the terms of the Agreements; and

  D. Plaintiffs are awarded reasonable attorneys' fees in the amount of $8,552.33, and costs in the amount of $459.28, for a total of **$9,011.61**;

  E. Pursuant to paragraphs A, B and D above, Plaintiffs are awarded the total amount of **$247,122.84**.

The judgment shall be entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is no just reason for delay.

  IT IS SO FOUND AND RECOMMENDED.

  DATED: Honolulu, Hawai`i, November 16, 2010.



    /S/ Barry M. Kurren
    Barry M. Kurren
    United States Magistrate Judge

---

*Trustees of the PAMCAH-UA Local 675 Trust Funds v. Blazemasters Fire Protection, LLC*; CIVIL NO. CV10-00422 DAE BMK; **FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BLAZEMASTERS FIRE PROTECTION, LLC, FILED OCTOBER 4, 2010**